**WO**                                                                                                          MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Harold Eugene Markland, | No. CV 07-951-PHX-SMM (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Rick G. Tosto, | |
| Defendant. | |

On May 9, 2007, Plaintiff Harold Eugene Markland, who is confined in the Arizona State Prison Complex-Yuma, in Yuma, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an incomplete Application to Proceed *In Forma Pauperis*. In a May 18, 2007 Order (Doc. #3), the Court denied Plaintiff's incomplete Application to Proceed and gave Plaintiff 30 days to pay the $350.00 civil action filing fee or file a complete Application to Proceed *In Forma Pauperis*.

On June 8, 2007, Plaintiff filed a second Application to Proceed *In Forma Pauperis* (Doc. #4). On June 18, 2007, he filed a certified statement of his inmate account (Doc. #5). The Court will grant the second Application to Proceed and will dismiss the action.

**I.      Second Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's second Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The

1  Court will enter a separate Order requiring the appropriate government agency to collect and
2  forward the fees according to the statutory formula.

3  **II.    Statutory Screening of Prisoner Complaints**

4  The Court is required to screen complaints brought by prisoners seeking relief against
5  a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.
6  § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised
7  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
8  be granted, or that seek monetary relief from a defendant who is immune from such relief.
9  28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the
10 allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint
11 before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)
12 (*en banc*).  Plaintiff's Complaint will be dismissed without leave to amend because the
13 defects cannot be corrected.

14 **III.    Complaint**

15 In his three-count Complaint, Plaintiff sues Defendant Rick G. Tosto, who was
16 Plaintiff's criminal defense attorney.  In Count One, Plaintiff alleges a violation of his Sixth
17 Amendment rights because Defendant did not subpoena certain witnesses and did not "do
18 his job."  In Count Two, Plaintiff contends that Defendant violated Plaintiff's Fifth, Sixth,
19 and Fourteenth Amendment rights because Defendant would not obtain and challenge the
20 grand jury transcripts.  In Count Three, Plaintiff contends that Defendant violated Plaintiff's
21 Fifth, Sixth, and Fourteenth Amendment rights because Defendant's opening statement
22 suggested to the jury that Plaintiff was guilty of assault.  In his Request for Relief, Plaintiff
23 seeks monetary damages.

24 **IV.    Failure to State a Claim**

25 A prerequisite for any relief under 42 U.S.C. § 1983 is a showing that the defendant
26 has acted under the color of state law.  "[A]n attorney, whether retained or appointed, does
27 not act 'under color of' state law."  Szijarto v. Legeman, 466 F.2d 864, 864 (9th Cir. 1972)
28 (*per curiam*).  See also Briley v. California, 564 F.2d 849, 855 (9th Cir. 1977) ("We have

repeatedly held that a privately-retained attorney does not act under color of state law for purposes of actions brought under the Civil Rights Act."). Accordingly, Plaintiff has failed to state a claim against Defendant under § 1983.

Moreover, a prisoner's claim for damages cannot be brought under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner demonstrates that the conviction or sentence has previously been reversed, expunged, or otherwise invalidated. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Plaintiff's claims that his defense counsel was ineffective or that Plaintiff did not receive a fair trial imply the invalidity of his conviction, and his claims are therefore barred by Heck. The Court will therefore dismiss his Complaint for failure to state a claim.

**IT IS ORDERED:**

(1) Plaintiff's second Application to Proceed *In Forma Pauperis* (Doc. #4) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3) The Complaint (Doc. #1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(4) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

DATED this 21st day of June, 2007.

Stephen M. McNamee
United States District Judge